# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LARRY PAUL ARNDT, JR.,** : | |
|     **Plaintiff,** : | |
| : | **CIVIL ACTION** |
| **v.** : | |
| : | **NO. 20-1981** |
| **KYLE RUSELL,** *et al.* : | |
|     **Defendants.** : | |

## MEMORANDUM

**YOUNGE, J.**                                                                                                                **MAY  5th , 2020**

Larry Paul Arndt, Jr., a prisoner in custody at Lehigh County Prison ("LCP") due to a parole violation has filed a civil rights Complaint on April 21, 2020 pursuant to 42 U.S.C. § 1983 using a preprinted form.  He has also filed a Motion to Proceed *In Forma Pauperis* but has failed to submit a certified copy of his institutional account statement.  Because it appears that Arndt seeks relief under § 1983 that is not plausible, the Motion to Proceed *In Forma Pauperis* will be denied and the Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915A.

**I.      FACTUAL ALLEGATIONS**

Arndt has named as Defendants LCP, the Warden of LCP, the head of records at LCP, the Lehigh County trial judge that presided over his criminal proceedings, the Lehigh County Courthouse, several Lehigh County court employees, the Lehigh County Probation and Parole Department, and several Lehigh County probation and parole officers.  (ECF No. 2 at 1-2.)[1] Briefly stated, he asserts that the judge made erroneous legal rulings in his case regarding his sentence and his "min date" and "max date," he was sentenced for charges that were never brought against him, his parole was revoked for acts he did not commit, he was revoked by an

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

agent he never met, cases and charges were combined in violation of his rights, his parole time was incorrectly computed, his time on parole was credited against his sentence, he was not notified of any parole violations, his violation hearing was incorrectly turned into a sentencing hearing, and he was resentenced after he had served his sentence. (*Id.* at 5-6, 11-12.) The sole relief Arndt seeks is a release from custody. (*Id.* at 5, 13.)

A review of public records indicates that an arrest warrant for Arndt was issued on February 6, 2020 for a parole violation. *See Commonwealth v. Arndt*, CP-39-CR-3938-2018 (C.C.P. Lehigh). Arndt was originally sentenced to a term of twenty-three months of incarceration stemming from a guilty plea on October 18, 2018 to charges of resisting arrest and granted immediate parole. (*Id.*) He was taken into custody on the parole violation charge on February 10, 2020 and waived a preliminary hearing on the violation that same day. (*Id.*) He received a final hearing on the violation on March 18, 2020. (*Id.*) Arndt filed a motion for parole on April 7, 2020 and a petition under the Pennsylvania Post-Conviction Relief Act on April 21, 2020. Those proceedings remain pending.

## II.     STANDARD OF REVIEW

Until recently, this Court would have been precluded from addressing a plaintiff's pleadings unless and until he either paid the fees or was granted leave to proceed *in forma pauperis*. *See, e.g.*, *Francis v. State of N.J. Office of Law Guardian*, 289 F. App'x 472, 474 (3d Cir. 2008) (per curiam) (explaining that district court erred in addressing complaint before IFP was granted, because the "complaint was not yet subject to dismissal"); *Urrutia v. Harrisburg Cty. Police Dep't*, 91 F.3d 451, 458 & n.13 (3d Cir. 1996) (explaining that an action commences when a plaintiff pays the fees or following a determination that the litigant is entitled to *in forma pauperis*). However, in *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (en banc), the United

States Court of Appeals for the Third Circuit recently announced a "flexible approach" that permits the screening of complaints filed by prisoners pursuant 28 U.S.C. § 1915A even if the prisoner has neither paid the fees nor been granted *in forma pauperis* status.

Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id*. § 1915A(b)(1). A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails to state a claim is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As Arndt is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

**III.    DISCUSSION**

Arndt has used the preprinted form complaint that one may use to bring a civil rights claim under § 1983. That section provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

> secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

However, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, because Arndt cannot seek his release from custody under § 1983, his Complaint is dismissed with prejudice pursuant to § 1915A. No leave to file an amended complaint will be granted since any attempt at amendment would be futile.[2] An appropriate Order follows.

**BY THE COURT:**

  /s/ John Milton Younge
**JUDGE JOHN MILTON YOUNGE**

---

[2] It appears from the state court docket that Arndt has not yet exhausted available state remedies to challenge the fact or duration of his confinement. While he must ordinary do so prior to filing a petition for a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254, the accompanying Order provides that the dismissal of Arndt's § 1983 claims is without prejudice to him filing a writ of habeas corpus when he satisfies the exhaustion requirement.